JS - 6                                                    O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nolan McSwain, | Case No. CV 13-5578 DDP |
| | [CV 09-07606 DDP-CT] |
| Petitioner, | [CV 06-01440 DDP] |
| | [CR 92-00075 AAH] |
| v. | |
| | **ORDER DENYING MOTION FOR RELIEF** |
| R.P. Gutierrez, | **UNDER 28 U.S.C. § 2241** |
| | |
| Respondent. | |

Presently before the court is Petitioner Nolan McSwain ("Petitioner")'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(c)(3). Having reviewed the materials submitted by the parties and considered the arguments advanced therein, the court adopts the following Order denying the Petition.

**I.  Background**

On February 8, 1993, Petitioner was found guilty by a jury of conspiracy to distribute cocaine in violation of 21 U.S.C § 846 and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a). (CR Dkt. No. 72.) Petitioner was sentenced to life imprisonment on December 6, 1993. (CR Dkt. No. 129) On July 18, 1995, the Ninth Circuit Court of Appeals

affirmed Petitioner's conviction and sentence, holding, in part, that the trial court did not abuse its discretion in excusing two jurors. United States v. McSwain, 65 F.3d 177 (9th Cir. 1995)(unpublished).

In 1997, Petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2255, which this court denied. (Return, Ex. A; CV 06-1440 DDP, Dkt. 10). Petitioner proceeded to file a request for a certificate of appealability, which was denied by both the district court and the Ninth Circuit. (Id.)

In 1999, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241. Id. The court found that the petition, though brought under 28 U.S.C. § 2241, was in fact a successive petition under 28 U.S.C. § 2255, and dismissed the petition. Id. Petitioner was denied a certificate of appealability. Id.

In 2002, Petitioner filed a motion under Federal Rule of Civil Procedure 60(b). (CR Dkt. No. 168) The court determined the motion to be a third successive § 2255 petition, and dismissed the motion. (Order, Dkt. 182 p. 2)

In 2004, Petitioner filed another habeas petition under 28 U.S.C. § 2241, and the district court once again denied the petition as a successive § 2255 petition. (Dkt. 173)

In 2006, Petitioner filed another petition under § 2241. (Dkt. 181; CV 6-1440) This court issued an order dismissing the motion for lack of jurisdiction, again finding the petition to be a successive petition under § 2255. (Dkt. No. 182; CV 06-1440, Dkt. 10.)

The instant petition, like several of Petitioner's other motions, is styled as a petition pursuant to § 2241. As

2

1  discussed below, Petitioner contends that his right to a fair
2  trial was violated when the allegedly biased trial judge
3  dismissed a particular juror.  (Pet. at 6.)

**II.  Discussion**

5       Defendant argues that Petitioner's § 2241 petition is yet
6  another successive § 2255 petition in disguise. (Return at 1.)
7  Petitioner maintains that the instant petition is properly
8  brought pursuant to § 2241 through the savings clause of § 2255.
9  (Traverse at 7.)

10      Generally, § 2241 petitions challenge the manner of
11 execution of a sentence or conditions of confinement and § 2255
12 provides the exclusive mechanism by which a federal prisoner may
13 challenge the legality of his conviction or sentence. See
14 Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008); Ivy v.
15 Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003); Porter v. Adams,
16 244 F.3d 1006, 1007 (9th Cir. 2001). However, under the "savings
17 clause" or "escape hatch" contained in § 2255, a federal prisoner
18 may challenge a sentence pursuant to § 2241 if he can show that §
19 2255 is "inadequate or ineffective to test the legality of his
20 detention." Ivy, 328 F.3d at 1059 (internal quotations omitted);
21 Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000).

22      Here, Petitioner attacks the validity of his conviction
23 rather than the manner of execution of his sentence.
24 Specifically, Petitioner argues that the district court judge's
25 removal of two quarreling jurors, including the only black juror,
26 constituted judicial bias and violated Petitioner's
27 constitutional right to due process. (Pet. at 6, 9; Return at 9.)
28 This is not a challenge to the "manner, location, or conditions

3

of a sentence's execution," as generally required by § 2241. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam). Thus, unless the savings clause applies, § 2255, and not § 2241, is the appropriate vehicle for review. See United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) ("A federal prisoner authorized to seek relief under § 2255 may not petition for habeas corpus relief pursuant to § 2241.")

The Ninth Circuit has held that a petition meets the savings clause criteria of § 2255 when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006); see Alaimalo v. United States, 645 F.3d 1042 (9th Cir. 2011). The instant petition makes neither claim, and Petitioner fails to allege any facts that would satisfy § 2255's savings clause and permit him to bring his claim pursuant to § 2241.[1] The petition is, therefore, properly considered under § 2255 rather than § 2241.

As recounted above, Petitioner has filed five previous petitions under § 2255. The instant petition is the sixth. Federal courts may only entertain a second or successive § 2255 petition if the petitioner first obtains the permission of the court of appeals to file the motion with the district court. See 28 U.S.C. §§ 2255; 2244 (3)(A); Barapind v. Reno, 225 F.3d 1100, 1110 (9th Cir. 2000). Here, Petitioner did not request, let

---

[1] Even if he Plaintiff had so argued or alleged, the Ninth Circuit has concluded that the escape hatch is unavailable to Petitioners who assert that judicial bias renders § 2255 relief inadequate or ineffective. See Tripati v. Henman, 843 F.2d 1160, 1163 (9th Cir. 1988).

alone obtain, the requisite certification from the Ninth Circuit prior to filing this successive § 2255 motion. Instead, Petitioner filed the instant petition directly with this court. Because Petitioner failed to comply with the procedural requirements for filing a successive petition, this court lacks jurisdiction to consider the merits of the claim, which must therefore be dismissed.  See <u>United States v. Allen</u>, 157 F.3d 661, 664 (9th Cir. 1998).

**III. CONCLUSION**

    For the reasons stated above, Plaintiff's petition is DISMISSED.

    IT IS SO ORDERED.

Dated: Septmber 13, 2016

DEAN D. PREGERSON
United States District Judge